UNITED STATES of America,
Appellee,

v.

Damon CHAPPELLE, a/k/a Kevin
Jessup, Appellant.

No. 02–3689.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit L.A.R.
34.1(a) July 18, 2003.

Decided Sept. 5, 2003.

Mark S. Miller, Office of United States Attorney, Philadelphia, PA, for Appellee.

Christopher D. Warren, Philadelphia, PA, for Appellant.

Before: MCKEE, BARRY, and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Defendant was convicted by a jury of possession of crack-cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute crack-cocaine within 1,000 feet of a school in violation of 21 U.S.C. § 860(a); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to incarceration for a term of 162 months.

The only issue raised on appeal is whether the District Court committed plain error in allowing an expert witness to testify that, in his opinion, defendant possessed, with intent to distribute, the 4.64 grams of cocaine base found on his person. The following colloquy occurred between

the prosecutor and the law enforcement expert:

*Question:* Now, with respect to that amount of cocaine—or cocaine base, 48 Ziploc packets, and as the stipulation indicates, ... approximately 4.64 grams, I will also represent to you that at the time that was taken from the defendant, he also had in his possession $163 in United States currency in the following denominations: 48 $1 bills, 3 $10 bills, and 1 $20 bill. I will further represent that the defendant is also charged with being in possession of a .22 caliber revolver which was loaded with six live rounds of .22 caliber ammunition. In light of all that information, and based upon your training and experience, do you have an opinion as to whether those amounts of crack cocaine that were recovered by police in this case were consistent with the intent to distribute or mere possession?

*Answer:* Yes, my opinion is that the quantity of drugs involved, the denominations of the currency, plus possession of a firearm and also the lack of any paraphernalia in and of itself, in that totality, I would—my opinion is that the amount of drugs was maintained by defendant for possession with intent to distribute, as opposed to mere possession.... It's been my experience over the course of more than 1500 drug investigations ... in my 15 years of my career that the

vast majority of individuals that possess drugs for their own personal usage only maintain a quantity of drugs on their person to utilize during an average day's time frame. For a person to possess this amount, this volume of individual dosage units, it would be far in excess of what the average user, based upon my experience, would be in possession of. This is, however, clearly consistent with what an individual would possess if he or she were engaged in the distribution or the business of possession with intent to distribute a controlled substance such as crack cocaine.

Defendant did not object to this testimony, but now asserts that the expert's opinion violated Rule of Evidence 704.

To support his contention, defendant cites *United States v. Watson,* 260 F.3d 301, 310 (3d Cir.2001), where we concluded that permitting somewhat similar testimony constituted an abuse of discretion.

In that case, the prosecutor asked whether the witness had "formed an opinion as to whether or not the substance ... was possessed with the intent to distribute...." The prosecutor then questioned experts on two more occasions about the defendant's intent. In the end, the prosecutor posed the issue three times, and each time over defense counsel's objections. In finding an abuse of discretion, we noted that "[t]he prosecutor ... pushed his questions too far and he repeatedly elicited expert testimony in violation of Rule 704(b)." *Id.* at 309.

Preliminarily, we observe that the standard of review here is plain error, rather than abuse of discretion. Plain error re-

quires a showing of an error that is clear and obvious and affects substantial rights. *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

In this case, we are faced with a single question that objectively referred to whether the circumstances of the case "were consistent with the intent to distribute or mere possession." The expert answered that, in his opinion, the amount of drugs was maintained by the defendant for "possession with intent to distribute, as opposed to mere possession." In concluding his answer, the witness said possession of the volume of drugs was "clearly consistent with what an individual would possess if ... engaged in the distribution ... with intent to distribute...."

Both the prosecutor's question and the expert's response used the words "consistent with," rather than the more direct inquiry as to the defendant's intent. The difference in the wording is slight, but when considering that *Watson* reached the outer limits and that our standard of review is more restrictive, we conclude that no plain error occurred in this case.

We take this occasion, however, to caution prosecutors that they ought to be vigilant in phrasing questions that so obviously have the potential of eliciting an answer that would create a problem under *Watson.* Attorneys should avoid inquiries of experts that lead to expression of inappropriate "opinions." Careful formulation of questions can present the evidence to the jury without creating error.

Accordingly, the judgment of conviction will be affirmed.